**DICKINSON WRIGHT PLLC**
John L. Krieger, Esq., Nevada Bar No. 6023
Jennifer Ko Craft, Esq., Nevada Bar No. 8038
Hilary Williams, Esq., Nevada Bar No. 14645
8363 W. Sunset Road, Suite 200
Las Vegas, Nevada 89113
Telephone (702) 550-4400
Facsimile (844) 670-6009
Email: jkrieger@dickinson-wright.com
Email: jcraft@dickinson-wright.com
Email: hwilliams@dickinson-wright.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TOP SECRET RECIPES, INC., a Nevada corporation; and TSR FOODS L.L.C., a Nevada limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> RAISING CANE'S RESTAURANTS, LLC D/B/A RAISING CANE'S CHICKEN FINGERS, a limited liability company; and RAISING CANE'S USA, LLC, a limited liability company, <br><br> Defendants. | Case No: <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

For its complaint, Plaintiff Top Secret Recipes, Inc. ("Top Secret Recipes") and Plaintiff TSR Foods L.L.C. ("TSR Foods") allege as follows:

### I.   NATURE OF THE CASE

This is a civil action seeking a declaratory judgment concerning the parties' respective rights under the Lanham Act (15 U.S.C. § 1051 et. seq.) concerning the RAISING CANE'S Marks (defined below). Specifically, Plaintiffs seeks a declaratory judgment that: (a) Plaintiffs have not infringed on the RAISING CANE'S mark; (b) Plaintiffs have not engaged in false advertising as

/ / /



1

governed by the Lanham Act; and (c) Plaintiff's have not engaged in state unfair competition law as governed by the State of Nevada.

## II. JURISDICTION

1. This is a declaratory judgment action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the Lanham Act, 15 U.S.C. §§ 1051 et seq.

2. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367 and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. This Court has supplemental jurisdiction over Plaintiffs' state claim pursuant to 28 U.S.C. § 1367(a).

3. The Court has personal jurisdiction over the Defendant Raising Cane's Restaurants, LLC D/B/A Raising Cane's Chicken Fingers ("Raising Cane's Chicken Fingers") and Defendant Raising Cane's USA, LLC ("Raising Cane's USA") because they transact business in the State of Nevada and have sufficient minimum contacts with the State of Nevada to satisfy due process.

4. The exercise of *in personam* jurisdiction over Defendants comports with the laws of the State of Nevada and the constitutional requirements of due process because Defendants and/or their agents and/or their licensees transact business or offer to transact business within the State of Nevada.

5. Specifically, Raising Cane's Chicken Fingers has transacted business in State of Nevada by operating fifteen (15) restaurant locations within the State of Nevada.

6. In addition, Raising Cane's USA advertises, offers for sale, sells, and distributes products incorporating the RAISING CANE'S mark throughout the United States, including within the State of Nevada, through its website, https://www.raisingcanes.com.

7. Venue properly lies within the unofficial Southern District of the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391.

## III. PARTIES

1. TSR Foods is a limited liability company organized under the laws of the State of Nevada and is the exclusive licensee of the TSR Mark (defined below).



2. Top Secret Recipes is a corporation organized under the laws of the State of Nevada with its principal place of business located at 9811 West Charleston Boulevard, Suite 2436, Las Vegas, Nevada 89117.

3. On information and belief, Raising Cane's Chicken Fingers is a limited liability company domiciled in part in Louisiana and Texas.

4. On information and belief, Raising Cane's USA is a limited liability company domiciled in part in Louisiana and Texas.

### IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Top Secret Recipes has been well-known in the food industry for decades and operates a successful blog and website which features recipes, cookbooks, sauces and spices and which can be accessed throughout the world.

6. TSR Foods manufactures and distributes the sauces featured on the Top Secret Recipes website.

7. Top Secret Recipes is the owner of federally registered trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), including TODD WILBUR'S TOP SECRET RECIPES, Reg. No. 5456602 in Class 30 for sauces (the "TSR Mark"). A true and accurate copy of the foregoing registration is attached as **Exhibit "1"** and incorporated by reference herein.

8. TSR Foods is the exclusive licensee of the TSR Mark and sells products under that mark.

9. TSR Foods and Top Secret Recipes have spent substantial sums of money to advertise and promote the TSR Mark and products in print and on the Internet via its website and social media pages and has been featured in Good Morning America, The Oprah Winfrey Show, the New York Times, CMT, the Today show and People Magazine.

10. The TSR Mark has become distinctive for its association with its founder Todd Wilbur and his recipes, and is used in connection with the creation, marketing and distribution of Plaintiffs' products. As such, Plaintiffs' products are distinguishable to the consuming public as



being uniquely associated with Todd Wilbur and Plaintiffs.

11.     As part of Plaintiffs' product line, Top Secret Recipes sells "Chicken Tender Sauce."

12.     The Chicken Tender Sauce label states under the TSR Mark, "If you like Zaxby's & Raising Cane's, you'll love this!" A true and accurate photograph of the Chicken Tender Sauce bottle and label is attached as **Exhibit "2"** and incorporated by reference herein.

13.     Top Secret Recipes makes clear on its website that the Chicken Tender Sauce is "inspired by the delicious secret chicken finger dipping sauce from Raising Cane's and Zaxby's," but draws no other affiliation, connection, or association with Defendants. A true and accurate copy of such webpage is attached as **Exhibit "3"** and incorporated by reference herein.

14.     On or around February 26, 2018, Defendants sent Top Secret Recipes a letter demanding Plaintiffs remove all references to Raising Cane's and the RAISING CANE'S marks, including U.S. Reg. Nos. 3272782 and 3583353 (the "Raising Cane's Marks"), from Plaintiffs' products and website under the auspices that the use of the Raising Cane's Marks in connection with any product or advertising by Plaintiffs constituted a violation of the Lanham Act under Sections 1114 and 1125(a)(1).

15.     On or around March 9, 2018, Top Secret Recipes responded and disagreed with Defendants' position, explaining that any use of the Raising Cane's Marks was nominative in nature and constituted fair use, and was permissible comparative marketing.

16.     Plaintiffs did not hear anything further from Defendants on the issue and continued with their product line and marketing unchanged.

17.     Then, on or around October 2, 2018, Raising Cane's Chicken Fingers employed counsel to prepare and send another demand letter that regurgitated Raising Cane's USA's previous position, and then added a new allegation that somehow Plaintiffs' use of "if you like [X], .then you'll love [Y]" constituted an inappropriate taste parity comparison, as well as a dubious reference to state unfair competition law.

/ / /

4

18.     On or around October 26, 2018, TSR Foods responded and, again, disagreed with Defendants' position, claiming that use of the "if you like [X], .then you'll love [Y]" phrase did not cause confusion as to the source of the product, primarily it is not a misdescription of specific or absolute characteristics of the product and does not immediately create the impression of a relationship between Plaintiffs and Defendants.

19.     Notwithstanding the disagreement, TSR Foods, in a show of good faith to resolve the matter, agreed to remove a separate permissible phrase "Make your food taste like it came from a famous restaurant chain…" on all future bottles of the Chicken Tender Sauce.

20.     However, on February 13, 2019, Raising Cane's Chicken Fingers submitted a complaint to the National Advertising Division of the Counsel of Better Business Bureaus, Inc. ("NAD") alleging that Top Secret Recipes' use of the "if you like [X], ..then you'll love [Y]" phrase, in connection with the Raising Cane's Marks, constituted false and misleading advertising, clearly evidencing a case in controversy exists.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (28 U.S.C. § 2201-2202)

21.     Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

22.     Plaintiffs do not infringe any intellectual property rights in Defendants' Raising Cane's Marks because Plaintiffs make clear that the source of the Chicken Tender Sauce is Top Secret Recipes and/or TSR Foods, and the use is nominative at best.

23.     Plaintiffs do not infringe any intellectual property rights in Defendants' Raising Cane's Marks because Plaintiffs are engaged in permissible comparative advertising.

24.     An actual and justiciable case or controversy exists between Plaintiffs and Defendants under the Lanham Act (15 U.S.C. § 1114) as to whether Plaintiffs infringe the Raising Cane's Marks, which requires a declaration of rights by this Court.

25.     Plaintiffs are entitled to a judicial determination and declaration that Plaintiffs have not infringed and are not infringing, directly, indirectly, contributorily, or otherwise, any valid or



1  enforceable claim of right in the Raising Cane's Marks by Defendants, or, if they are, it is
2  permissible fair use.

### COUNT II
### DECLARATORY JUDGMENT REGARDING FALSE ADVERTISING
(28 U.S.C. § 2201-2202)

26. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

27. Plaintiffs do not falsely designate the origin of the Chicken Tender Sauce.

28. Plaintiffs do not use the Raising Cane's Marks and/or references to Defendants to give a false or misleading description or representation of fact regarding the Chicken Tender Sauce.

29. The use of the Raising Cane's Marks and/or references to Defendants are not likely to cause confusion, mistake or to deceive as to the affiliation, connection, or association between Plaintiffs and Defendants.

30. The use of the "if you like [X], ..then you'll love [Y]" phrase is not likely to cause confusion, mistake or to deceive as to the origin of the Chicken Tender Sauce.

31. Plaintiffs do not suggest that they or the Chicken Tender Sauce is affiliated with or sponsored by Defendants, including the use of the "if you like [X], ..then you'll love [Y]" phrase on its packaging or in related advertising, in any manner

32. Plaintiffs do not misrepresent the nature, characteristics, qualities of the Chicken Tender Sauce in their commercial advertising and promotion such that the consuming public would believe an affiliation, connection, or association between Plaintiffs and Defendants exists.

33. Plaintiffs' nominative use of the Raising Cane's Marks and/or Defendants in relation to the Chicken Tender Sauce constitutes fair use.

34. Plaintiffs' mention of the Raising Cane's Marks and/or Defendants in relation to the Chicken Tender Sauce constitutes permissible comparative advertising.

///

///



35. An actual and justiciable case or controversy exists the Lanham Act (15 U.S.C. § 1125(a)(1)) between Plaintiffs and Defendants as to whether Plaintiffs engaged in false advertising, which requires a declaration of rights by this Court.

## COUNT III
## DECLARATORY JUDGMENT
## REGARDING DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (28 U.S.C. § 2201-2202)

36. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

37. Plaintiffs do not knowingly pass off the Chicken Tender Sauce for sale as being a product associated or affiliated with Defendants.

38. Plaintiffs do not knowingly make a false representation in their packaging or advertising as to the source, sponsorship, approval or certification of the Chicken Tender Sauce for sale.

39. Plaintiffs do not knowingly make a false representation in their packaging or advertising of the Chicken Tender Sauce as to an affiliation, connection, association with or certification by Defendants.

40. Plaintiffs do not knowingly make a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of the Chicken Tender Sauce in their packaging or advertising or make a false representation as to the sponsorship, approval, status, affiliation or connection of Defendants therewith.

41. Plaintiffs do not disparage the goods, services or business of Defendants by a false or misleading representation of fact in connection with advertising and marketing of the Chicken Tender Sauce.

42. An actual and justiciable case or controversy exists between Plaintiffs and Defendants as to whether Plaintiffs engaged in unfair competition under NRS Chapter 598, which requires a declaration of rights by this Court.

/ / /

/ / /



## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

A. Declaratory judgment that:

    i. Plaintiffs have not infringed the Raising Cane's Marks;

    ii. Plaintiffs did not and have not engaged in false advertising relating to the packaging or advertising of the Chicken Tender Sauce;

    iii. Plaintiffs have not engaged in deceptive trade practices under Nevada law relating to the packaging or advertising of the Chicken Tender Sauce; and

B. All other relief to which Plaintiffs are entitled.

DATED this 21st day of March 2019.

DICKINSON WRIGHT PLLC

John L. Krieger, Esq.
Jennifer Ko Craft, Esq.
Hilary Williams, Esq.
8363 W. Sunset Road, Suite 200
Las Vegas, Nevada 89113
Email: jkrieger@dickinson-wright.com
Email: jcraft@dickinson-wright.com
Email: hwilliams@dickinson-wright.com

*Attorneys for Plaintiffs*

