1  Ronald Y. Rothstein (*pro hac vice application pending*)
   RRothstein@winston.com
2  **WINSTON & STRAWN LLP**
   35 West Wacker Drive
3  Chicago, IL 60601-9703
   Telephone: (312) 558-5600
4  Facsimile: (312) 558-5700

5  Megan L. Whipp (*pro hac vice application forthwith*)
   MWhipp@winston.com
6  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
7  Los Angeles, CA 90071-1543
   Telephone:    (213) 615-1700
8  Facsimile:    (213) 615-1750

9  Brigid M. Higgins, Esq. (SBN 5990)
   bhiggins@blacklobello.law
10 **BLACK & LOBELLO**
   10777 W. Twain Ave., 3rd Fl.
11 Las Vegas, NV 89135
   Telephone: (702) 869-8801
12 Facsimile: (702) 869-2669

13 Attorneys for Defendants RAISING CANE'S RESTAURANTS, LLC
   D/B/A RAISING CANE'S CHICKEN FINGERS; and RAISING CANE'S USA, LLC
14

15                    **UNITED STATES DISTRICT COURT**
                           **DISTRICT OF NEVADA**
16

| | |
|---|---|
| 16 TOP SECRET RECIPES, INC., a Nevada corporation; and TSR FOODS, L.L.C., a Nevada limited liability company | **Case No.: 2:19-CV-00485-RFB-GWF** [Honorable Richard F. Boulware, II, presiding] |
| 18        Plaintiffs, | |
| 19 vs. | **DEFENDANTS RAISING CANE'S RESTAURANTS, LLC AND RAISING CANE'S USA, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF** |
| 19 RAISING CANE'S RESTAURANTS, LLC D/B/A RAISING CANE'S CHICKEN FINGERS, a limited liability company; and RAISING CANE'S USA, LLC, a limited liability company | |
| 21        Defendants. | |
| 22 | |
| 23 RAISING CANE'S RESTAURANTS, LLC D/B/A RAISING CANE'S CHICKEN FINGERS, a limited liability company; and RAISING CANE'S USA, LLC, a limited liability company | |
| 24 | |
| 25        Counterclaim- Plaintiffs | |
| 26 vs. | |
| 26 TOP SECRET RECIPES, INC., a Nevada corporation; and TSR FOODS, L.L.C., a Nevada limited liability company | |
| 28        Counterclaim-Defendants. | |

1

1    Defendants and Counterclaimants Raising Cane's USA, LLC ("Raising Cane's USA") and

2  Raising Cane's Restaurants, LLC ("Raising Cane's Restaurants") (collectively "Raising Cane's" or

3  "Defendants"), by and through their attorneys, answer Plaintiffs and Counterdefendants Top Secret

4  Recipes, Inc. ("Top Secret Recipes") and TSR Foods, LLC's ("TSR Foods") (collectively "TSR" or

5  "Plaintiffs") Complaint as follows:

6                                    **NATURE OF THE CASE**

7    This paragraph contains only legal conclusions and does not require an answer.  To the extent

8  this paragraph is deemed to contain factual allegations, Defendants deny them.

9                                          **JURISDICTION**

10    1.    Paragraph 1 contains only legal conclusions and does not require an answer.  To the

11  extent this paragraph is deemed to contain factual allegations, Defendants deny them.

12    2.    Defendants admit that they transact business in the State of Nevada. The remaining

13  allegations in paragraph 2 are legal conclusions and do not require an answer. To the extent this

14  paragraph is deemed to contain factual allegations, and except as expressly admitted, Defendants

15  deny the remaining allegations contained in this paragraph.

16    3.    Defendants admit that they transact business in the State of Nevada. The remaining

17  allegations in paragraph 3 are legal conclusions and do not require an answer. To the extent this

18  paragraph is deemed to contain factual allegations, and except as expressly admitted, Defendants

19  deny the remaining allegations contained in this paragraph.

20    4.    Defendants admit that they transact business in the State of Nevada. The remaining

21  allegations in paragraph 4 are legal conclusions and do not require an answer. To the extent this

22  paragraph is deemed to contain factual allegations, and except as expressly admitted, Defendants

23  deny the remaining allegations contained in this paragraph.

24    5.    Defendants admit the allegations contained in this paragraph.

25    6.    Defendants admit the allegations contained in this paragraph.

26    7.    Paragraph 7 contains only legal conclusions and does not require an answer.

27  Defendants admit that venue is proper in this District. To the extent this paragraph is deemed to

28

contain factual allegations, and except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

## PARTIES

1.      Defendants do not possess sufficient information to either affirm or deny the truth of the allegations contained in this paragraph and on this basis deny them.

2.      Defendants do not possess sufficient information to either affirm or deny the truth of the allegations contained in this paragraph and on this basis deny them.

3.      Defendant, Raising Cane's Restaurants, is headquartered in Baton Rouge, Louisiana. Defendants deny the remaining allegations contained in this paragraph.

4.      Defendant, Raising Cane's USA, is headquartered in Baton Rouge, Louisiana. Defendants deny the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5.      Defendants admit that Top Secret Recipes is in the food industry and operates a blog and website which features recipes, cookbooks, sauces and spices and which can be accessed throughout the world.  Defendants deny the remaining allegations contained in this paragraph.

6.      Defendants admit that TSR Foods manufactures and distributes the sauces featured on the Top Secret Recipes website.

7.      Defendants do not possess sufficient information to either affirm or deny the truth of the allegations contained in this paragraph and on this basis deny them.

8.      Defendants do not possess sufficient information to either affirm or deny the truth of the allegations contained in this paragraph and on this basis deny them.

9.      Defendants do not possess sufficient information to either affirm or deny the truth of the allegations contained in this paragraph and on this basis deny them.

10.      Defendants deny that the TSR Mark is distinctive for its association with Todd Wilbur. Defendants deny that Plaintiffs' products are distinguishable to the consuming public as being uniquely associated with Todd Wilbur and Plaintiffs. Defendants do not possess sufficient information to either affirm or deny the truth of the remaining allegations contained in this paragraph and on this basis deny them.

11.     Defendants admit the allegations contained in this paragraph.

12.     Defendants admit that TSR's Chicken Tender Sauce label states, "If you like Zaxby's & Raising Cane's, you'll love this!" Defendants do not possess sufficient information to either affirm or deny the truth of the remaining allegations contained in this paragraph and on this basis deny them.

13.     Defendants admit that TSR's website states that the Chicken Tender Sauce is "inspired by the delicious secret chicken finger dipping sauce from Raising Cane's and Zaxby's." Defendants deny that the website "draws no other affiliation, connection, or association with Defendants." Defendants do not possess sufficient information to either affirm or deny the truth of the remaining allegations contained in this paragraph and on this basis deny them.

14.     Defendants admit that they sent Plaintiffs a letter and state that the content speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

15.     Defendants admit that they received a letter from Plaintiffs and state that the content speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

16.     Defendants do not possess sufficient information to either affirm or deny the truth of the allegations contained in this paragraph and on this basis deny them.

17.     Defendants admit that they sent Plaintiffs a letter and state that the content speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

18.     Defendants admit that they received a letter from Plaintiffs and state that the content speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

19.     Defendants state that the content of the referenced letter speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

20.     Defendants admit that they submitted a complaint to the National Advertising Division of the Council of Better Business Bureaus, Inc. ("NAD") and state that the content speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

**(28 U.S.C. § 2201-2202)**

21.     Defendants restate their answers to the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

22.     Defendants deny the allegations contained in this paragraph.

23.     Defendants deny the allegations contained in this paragraph.

24.     Defendants deny the allegations contained in this paragraph.

25.     Defendants deny the allegations contained in this paragraph.

## COUNT II

## DECLARATORY JUDGMENT REGARDING FALSE ADVERTISING

**(28 U.S.C. § 2201-2202)**

26.     Defendants restate their answers to the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

27.     Defendants deny the allegations contained in this paragraph.

28.     Defendants deny the allegations contained in this paragraph.

29.     Defendants deny the allegations contained in this paragraph.

30.     Defendants deny the allegations contained in this paragraph.

31.     Defendants deny the allegations contained in this paragraph.

32.     Defendants deny the allegations contained in this paragraph.

33.     Defendants deny the allegations contained in this paragraph.

34.     Defendants deny the allegations contained in this paragraph.

35.     Defendants deny the allegations contained in this paragraph.

## COUNT III

## DECLARATORY JUDGMENT

## REGARDING DECEPTIVE TRADE PRACTICES UNDER STATE LAW

**(28 U.S.C. § 2201-2202)**

36.     Defendants restate their answers to the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

37.     Defendants deny the allegations contained in this paragraph.

38.   Defendants deny the allegations contained in this paragraph.

39.   Defendants deny the allegations contained in this paragraph.

40.   Defendants deny the allegations contained in this paragraph.

41.   Defendants deny the allegations contained in this paragraph.

42.   Defendants deny the allegations contained in this paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses.  By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### First Defense

Plaintiffs fail to state claims against Defendants upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## COUNTERCLAIMS

Defendants and Counterclaimants Raising Cane's USA, LLC ("Raising Cane's USA") and Raising Cane's Restaurants, LLC ("Raising Cane's Restaurants") (collectively "Raising Cane's"), by and through their attorneys, hereby submits these Counterclaims against Plaintiffs and

5

Counterdefendants Top Secret Recipes, Inc. ("Top Secret Recipes") and TSR Foods, LLC ("TSR Foods") (collectively "TSR") requesting injunctive relief and damages for trademark infringement, trademark dilution, and unfair competition and false advertising in violation of 15 U.S.C. §§ 1114 and 1125, and violations of Nevada statutory and common law unfair competition, and alleges as follows:

## NATURE OF THE COUNTERCLAIMS

1.      TSR's use of the RAISING CANE'S® trademark on its "TODD WILBUR'S TOP SECRET RECIPES® Chicken Tender Sauce" (the "Product") constitutes trademark infringement of Raising Cane's trademark by creating the false perception that the Product is from Raising Cane's restaurants, made with Raising Cane's secret dipping sauce recipe, CANE'S SAUCE®, or otherwise endorsed or affiliated with the Raising Cane's brand. Moreover, TSR's use of the RAISING CANE'S® trademark is likely to dilute the distinctive quality of the trademark. TSR's further makes unsupported claims that the Product is superior or equal to RAISING CANE'S® famous CANE'S SAUCE®. As a direct result of TSR's false and misleading claims and use of Raising Cane's trademark, Raising Cane's has suffered substantial and irreparable harm to its goodwill. Unless TSR's trademark infringement, trademark dilution, unfair methods of competition, and false and deceptive practices are enjoined, Raising Cane's reputation will continue to be damaged and its profitability will be impaired.

## PARTIES

2.      Raising Cane's USA, LLC and Raising Cane's Restaurants, LLC are Louisiana limited liability companies having offices in Baton Rouge, Louisiana.  Raising Cane's is a fast-casual restaurant chain specializing in quality chicken finger meals. It was founded in Baton Rouge, Louisiana in 1996 and was named after the owner's yellow Labrador retriever, Raising Cane. Today, Raising Cane's has more than 430 restaurants operating throughout the United States and internationally.

3.      Top Secret Recipes, Inc. is a corporation organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada. TSR Foods, LLC is a limited liability company organized under the law of the State of Nevada and headquartered in Las Vegas,

Nevada. TSR was founded by self-proclaimed "food hacker" Todd Wilbur ("Wilbur"). Wilbur has a TV program "Top Secret Recipes" on which he tries to re-create popular brands of secret recipes to trick taste testers into thinking his version of the recipe is the popular brand. In addition to providing "copycat" recipes on the TSR website, TSR also sells various products, including the counterfeit Product, "TODD WILBUR'S TOP SECRET RECIPES® Chicken Tender Sauce."

## JURISDICTION AND VENUE

4.     TSR has engaged in the transaction of business and committed the acts complained of herein in interstate commerce and in the District of Nevada.

5.     These counterclaims arise out of occurrences that are related to the subject matter of TSR's claims and are filed pursuant to Federal Rule of Civil Procedure 13.

6.     Jurisdiction over the subject matter exists under 28 U.S.C. §§ 1331, 1338, and 1367 to remedy TSR's violations of the Lanham Act, specifically 15 U.S.C. §§ 1125 and 1114, and Nevada statutory and common law unfair competition. This Court has personal jurisdiction because TSR is incorporated and/or domiciled in this District and because TSR has filed suit in this District.

7.     Venue lies in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

**Raising Cane's Secret CANE'S SAUCE®**

8.     Raising Cane's was founded by Todd Graves as a single fast-food restaurant called Raising Cane's Chicken Fingers in Baton Rouge, Louisiana in 1996. It sets itself apart by serving high-quality meals very quickly. Raising Cane's accomplishes this goal by offering a limited menu focused on chicken fingers.

9.     Much of Raising Cane's success and popularity is due to its famous CANE'S SAUCE®, which is made fresh daily and has become iconic, garnering a cult-like following of fans known as "Caniacs." This famous and celebrated dipping sauce is served with all Raising Cane's chicken finger meals. As with other famous creations, Raising Cane's goes to great lengths to ensure the recipe remains a secret. In fact, only highly trusted restaurant executives know the exact proprietary recipe.  To protect the recipe, restaurant managers are provided pre-portioned ingredients

in a manner that masks the exact formula of the proprietary recipe but allows the managers to make fresh dipping sauce at the restaurants daily. While countless individuals have attempted to recreate it, genuine CANE'S SAUCE® is available only at Raising Cane's restaurants.

10.     Raising Cane's USA, LLC also owns numerous trademarks, including RAISING CANE'S® and CANE'S SAUCE®, which are federally protected under U.S. Registrations Numbers 3,272,782, 3,583,353, and 3,461,499. True and correct copies of the certificates of registrations are attached as Exhibit 1 and incorporated hereto. Raising Cane's Restaurants, LLC is a licensee of these trademarks. Raising Cane's has continuously and prominently used the marks RAISING CANE'S® and CANE'S SAUCE® in interstate commerce in connection with its restaurants and secret dipping sauce. The registrations are valid and incontestable. True and correct copies of the certificates of incontestability are attached as Exhibit 2 and incorporated hereto.

11.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Raising Cane's exclusive right to use the marks in connection with goods identified therein and other commercial goods. The registration of the marks also provides constructive notice to TSR of Raising Cane's ownership and exclusive rights in the trademarks.

12.     Raising Cane's trademarks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

**TSR's Use of Raising Cane's Trademark and Its False and Misleading Claims About Raising Cane's Famous CANE'S SAUCE®**

13.     TOP SECRET RECIPES® is a brand created by Wilbur, who is a self-described and unabashed "chronic food hacker."[1]

---

[1] https://topsecretrecipes.com/



**I'M TODD WILBUR, CHRONIC FOOD HACKER**

For 30 years I've been deconstructing America's most iconic brand-name foods to make the best original clone recipes for you to use at home. Welcome to my lab.

TSR markets its knock-off products on its Top Secret Recipes website[2] and in published books dedicated to creating copycat versions of recipes belonging to hundreds of famous restaurants and iconic brands. The Top Secret Recipes food-hacking brand has been featured in television shows, the news, and several books.

14.     Wilbur claims to "crack the secret formulas for"[3] and "reverse-engineer" famous foods, including CANE'S SAUCE®.[4] A review of Wilbur's book "Top Secret Recipes" states that Wilbur "had unprecedented access to company headquarters, test kitchen, labs, corporate chefs and even a food scientist to craft the clones of these iconic brand-name products...."[5] By making these statements, Wilbur communicates that he has scientifically created a recipe that replicates the taste of CANE'S SAUCE. His reference to test kitchens, labs, corporate chefs and scientists is intended to bolster the message that his recipes are backed by science and testing that establish the truth of his parity and superiority claims.

15.     TSR markets its knock-off CANE'S SAUCE® called "TODD WILBUR'S TOP

---

[2] *Todd Wilbur's Top Secret Recipes*, https://topsecretrecipes.com/ (last visited Jan. 23, 2019).
[3] https://www.instagram.com/toddwilbur/
[4] https://topsecretrecipes.com/About-Top-Secret-Recipes.html
[5] https://michiganmamanews.com/2015/12/29/top-secret-recipes-step-by-step-secret-formulas-by-todd-wilbur-book-promotion/

ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT                    2:19-CV-00485-RFB-GWF

SECRET RECIPES® Chicken Tender Sauce" on its website[6] as well as on Amazon,[7] QVC[8] and at H·E·B grocery stores.[9]

16.     The Product is featured on store shelves next to restaurant-associated foods such as "HOOTERS® Wing Sauce," a process-manufactured sauce labelled with HOOTERS® official branding. Other co-branded sauces, such as JACK DANIEL'S® Barbeque Sauce, are mass-produced by third-parties under licenses and are also sold on the same retail shelves.

17.     TSR's website also markets knock-off sauces for other famous brands such as McDonald's Big Mac Special Sauce and Chick-Fil-A's chicken sandwich sauce.[10] These and other sauces, including TGI Friday's Jack Daniel's Whiskey Glaze and Subway's Sweet Onion sauce, are available through QVC.[11] Wilbur touts these knock-off products, including his Chicken Tender Sauce, as "perfect clones" in a promotional video available on QVC's website.[12]



18.     TSR is in direct competition with Raising Cane's because it is selling a knock-off version of Raising Cane's® secret CANE'S SAUCE®.

[6] https://topsecretrecipes.com/top-secret-recipes-chicken-finger-sauce.html.
[7] https://www.amazon.com/Todd-Wilburs-Top-Secret-Recipes/dp/B075KM96ZV.
[8] https://www.qvc.com/Top-Secret-Recipes-Set-of-4-Restaurant-Favorite-Sauces.product.M54698.html.
[9] https://www.heb.com/product-detail/top-secret-recipes-chicken-tender-sauce/2187840.
[10] https://topsecretrecipes.com/spices.
[11] https://www.qvc.com/Top-Secret-Recipes-Set-of-4-Restaurant-Favorite-Sauces.product.M54698.html.
[12] https://www.qvc.com/Top-Secret-Recipes-Set-of-4-Restaurant-Favorite-Sauces.product.M54698.html.

ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT                    2:19-CV-00485-RFB-GWF

19.    The following statement appears on the Product label, TopSecretRecipes.com,[13] and on reseller websites: "If you like Zaxby's & Raising Cane's, you'll love this!" This statement is followed by the assertion, "Created by food hacker Todd Wilbur, this sauce is inspired by *the delicious secret chicken finger dipping sauce from Raising Cane's and Zaxby's.*"[14] (emphasis added).[15]



20.    Further compounding the harm to Raising Cane's, TSR equates CANE'S SAUCE® with Zaxby's ZAX SAUCE® even though the two sauces are not made from the same recipe and

---

[13] Top Secret had been making the additional claim, "Make your food taste like it came from a famous restaurant chain…." In the course of exchanging letters addressing the concerns of Raising Cane's, Top Secret Recipes agreed to discontinue this claim. As of this date, the claim no longer appears on this web site.

[14] https://topsecretrecipes.com/top-secret-recipes-chicken-finger-sauce.html

[15] "Zaxby's and Raising Cane's Chicken Fingers, they have this amazing dipping sauce…. Raising Cane's in parts of the country, Zaxby's in another part of the country, they have the same sort of dipping sauce. That's what I've hacked." Todd Wilbur, QVC infomercial. Zaxby's is not affiliated with Raising Cane's and Zaxby's does not use the same recipe to create its ZAX SAUCE® dipping sauce. It is, however, another restaurant chain primarily focused on chicken and, thus, a direct competitor operating in the same space as Raising Cane's.

11

1   both restaurants take great steps to maintain the secrecy of their individual sauce recipes.

2        21.      TSR's use of the RAISING CANE'S® mark and TSR's claims regarding its imitation

3   of CANE'S SAUCE® in its marketing and advertising statements misrepresent the nature,

4   characteristics, and qualities of Raising Cane's famous CANE'S SAUCE®.

5        22.      TSR's statements and assertions amount to both taste parity (the products taste the

6   same) and superiority (the advertised product tastes better) claims between the Product and Raising

7   Cane's famous CANE'S SAUCE®. By positioning CANE'S SAUCE® as the comparator, TSR

8   connects the supposed similarity or parity of the taste profiles. The supposed taste parity is then

9   bolstered by the closely situated claim, "Created by food hacker Todd Wilbur, this sauce is inspired

10  by the delicious secret chicken finger dipping sauce from Raising Cane's and Zaxby's," which refers

11  again to Raising Cane's. TSR does not stop there, however, as it says that if you merely "like"

12  Raising Cane's, you will "love" TSR's Chicken Tender Sauce. This contextual manipulation creates

13  a clear impression of taste superiority.

14       23.      Although Wilbur claims publicly to have science, testing, and engineering

15  establishing the taste parity and superiority of his Product, no such evidence exists. In particular,

16  Wilbur has no scientifically valid taste-test results that would prove his assertions of taste parity and

17  superiority.

18       24.      The American Society for Testing and Materials ("ASTM") has established

19  guidelines for sensory claims substantiation. The ASTM Guide is the definitive standard for

20  conducting taste tests establishing taste parity and superiority.

21       25.      The ASTM Guide identifies the first step in claim substantiation is for the party

22  making the claim to create "an explicit statement of the claim prior to actual testing." Ex. A to

23  Raising Cane's NAD Complaint attached hereto as Exhibit 3, at § 4.1. The statement should be

24  crafted by involving various parties within the company, including marketing, research, legal,

25  consumer testing, sensory evaluation, research suppliers, etc. *Id.* After developing a clear, explicit

26  statement of the claim, companies need to follow numerous requirements in selecting respondents in

27  a representative manner. *Id.* § 5. This requires that the respondents "be typical users and not be

28  restricted to any specific subset, such as heavy or light users, unless it is a qualified claim about that

specific subset." *Id.* § 5.1.1. Critically, the demographics of the respondents must be in line with the target consumer population for the ad, including in terms of "age, gender, product usage, culture, and language." *Id.* § 5.2.2. Additionally, respondents should be screened to avoid over-testing the same consumers by excluding respondents who have participated in another study in the past 3–6 months. *Id.* § 5.2.6. Companies must also ensure the study is reliable in how it selects the products to be compared. *Id.* § 5.3. For example, the competitor product should be "purchased in the standard size package with the highest unit volume or in similar size or both, to the test product." *Id.* § 5.4.4. The competitor product must also be obtained in a manner that is representative in terms of freshness and age. *Id.* § 5.4.5. When the products are sampled, they must be prepared and served in a similar manner to avoid potential bias. *Id.* §§ 5.7.1-5.7.2. Importantly, the samples should be tested blind to avoid bias, meaning they should be identified by codes and the respondents may not be presented with identifying information. *Id.* § 5.7.3. Another important feature of a reliable study is the test design. *Id.* § 6. For claims such as the claims at issue here, the ASTM Guide recommends using central-location testing. *Id.* § 6.6.1. Central-location testing "provides maximum control over product preparation and usage." *Id.*

26.     The ASTM also outlines requirements for interview techniques to ensure reliability. *Id.* § 6.7. If conducting in-person interviews, the ASTM Guide recommends that the interviewer not know the identity of the products in order to avoid bias. *Id.* § 6.7.2.4. The Guide also recommends that the participants should first be asked direct ranking questions. *Id.* §§ 6.8.1, 6.13.3.4. The test location is also an important component and the facilities "must be staffed by an experienced and professional interviewing organization. To avoid bias and achieve double-blind testing, the people who prepare the test products should not conduct interviews for any part of that study." *Id.* § 7.3. The ASTM Guide also recommends that the company meet personally with representatives of the agency conducting the testing in order to ensure the testing is handled correctly and to discuss expectations. *Id.* § 8. Additionally, the ASTM Guide recommends that the company employ excellent document-retention practices. *Id.* § 9. Finally, the ASTM Guide requires that the results of the study be statistically significant at least at the 95% level. *Id.* § 14.3.

27.     Despite several requests, Wilbur has furnished no science, testing, or engineering

1  permitting one to conclude with reasonable certainty that the Product tastes the same or better than

2  CANE'S SAUCE®. Such silence leads to the unmistakable conclusion that either no such support

3  exists or that his support is not sufficiently reliable.

4          28.     In or around February 2018, when Raising Cane's became aware that TSR was

5  producing and advertising the Product, it purchased a bottle of the Product from Amazon.com and,

6  based on an internal review regarded the Product to be of inferior quality, having a different flavor

7  profile than CANE'S SAUCE®, including notable variations in pungency, heat, and/or spiciness.

8  The ingredients statement on the back panel is also not a match to the proprietary recipe for CANE'S

9  SAUCE®, and TSR's Product contains several ingredients not found in CANE'S SAUCE®.

10  Moreover, CANE'S SAUCE® is made from scratch in restaurants daily and served fresh to

11  customers, whereas the Product is manufactured to be shelf-stable, packaged and sold in a bottle, and

12  disseminated through a variety of distribution channels taking days, if not weeks, to reach

13  consumers. In reality, TSR's Chicken Tender Sauce cannot and does not taste the same or better than

14  CANE'S SAUCE®.

**TSR's Conduct Amounts to Trademark Infringement, Trademark Dilution, Unfair**

**Competition and False Advertising Under the Lanham Act, as well as Unfair Competition**

**Under Nevada Statute and Common Law**

18          29.     TSR's use of the RAISING CANE'S® trademark on the Product is likely to cause

19  confusion or mistake, and to deceive the public by suggesting that the Product is affiliated,

20  connected, or otherwise associated with Raising Cane's. Specifically, statements on the Product

21  label and website convey that TSR has Raising Cane's secret recipe, or that Raising Cane's has

22  licensed the use of its mark on the Product, and therefore, are likely to cause confusion and mistake

23  among the consuming public. Furthermore, by using TSR's founder's name, Todd, on the Product, a

24  consumer is likely to be deceived into believing the Product is affiliated, connected, or associated

25  with Raising Cane's, whose founder and CEO is also named Todd.

26          30.     TSR makes no secret that it is benefitting from the goodwill associated with the

27  Raising Cane's name and reputation. Indeed, TSR is well aware of the fame and strength of the

28  RAISING CANE'S® trademark and the incalculable goodwill associated therewith.

31.     TSR's false and misleading claims are also likely to confuse and mislead consumers when they are making their purchasing decisions in that:

      a.  Consumers are likely to be misled by TSR's false representations that the Product tastes the same as Raising Cane's CANE'S SAUCE®; and,

      b.  Consumers are likely to be misled by TSR's false representations that the Product tastes superior to Raising Cane's CANE'S SAUCE®.

32.     TSR's false and misleading claims are in willful and wanton disregard of the interests of the consuming public and constitute a knowing attempt by TSR's to deceive consumers and misappropriate the customers of Raising Cane's.

33.     Raising Cane's has built valuable goodwill in its Raising Cane's brand as a result of the quality of its products and its extensive advertising.  TSR's false and misleading claims have caused and continue to cause Raising Cane's to suffer irreparable injury to its goodwill and reputation, for which Raising Cane's has no adequate remedy at law.

34.     Raising Cane's has lost, and will continue to lose, sales as a direct result of the TSR's false and misleading claims.  In addition, Raising Cane's has been forced to expend monies to counteract the negative effects of TSR's false and misleading claims.

**Raising Cane's Cease-and-Desist Letters and Complaint with the National Advertising Division of the Council of Better Business Bureaus, Inc. ("NAD")**

35.     On February 26, 2018, counsel for Raising Cane's sent a cease and desist letter to TSR explaining that its use of the RAISING CANE'S® trademark and its attempt to reproduce Raising Cane's famous CANE'S SAUCE® was in violation of 15 U.S.C. §§1114 and 1125(a). Raising Cane's sent another letter to TSR's counsel on October 2, 2018 again explaining that the Product's packaging and advertising are actionable violations of federal trademark and advertising law under the Lanham Act, state unfair competition laws, and under NAD case precedent. Raising Cane's demanded that TSR provide support for its claims regarding its comparison between the Product and CANE'S SAUCE® but none was ever furnished.

36.     On February 13, 2019, Raising Cane's filed a complaint with the NAD, a nationally recognized advertising self-regulatory dispute resolution body, requesting that TSR discontinue the

use of advertising claims comparing the Product to CANE'S SAUCE®, and requesting that TSR disclose any substantiation that supports its taste parity and superiority claims.  Attached hereto as Exhibit 3 is a copy of Raising Cane's NAD complaint.

37.    Instead of responding to the NAD complaint, TSR ran to court seeking declaratory relief.

## FIRST CLAIM

### [Federal Trademark Infringement (15 U.S.C. § 1114)]

38.    Raising Cane's realleges ¶¶ 1 through 37.

39.    This cause of action arises under the Federal Trademark Act (15 U.S.C. §§ 1051-1127) and is for trademark infringement involving TSR's use in interstate commerce of the designation RAISING CANE'S® and related words and phrases in the marketing and sales of the Product which is an infringement of Raising Cane's registered trademark RAISING CANE'S® in violation of 15 U.S.C. § 1114(1)(a) and (b).

40.    The United States Patent and Trademark Office granted Raising Cane's United States Trademark Registration Numbers 3,272,782 and 3,583,353 for the mark RAISING and 3,461,499 for the mark CANE's SAUCE®. The registrations are owned by Raising Cane's, are in full force and effect, and are incontestable upon the principle register of the United States Patent and Trademark Office.

41.    Raising Cane's did not give TSR consent to use its registered trademarks.

42.    TSR's use of Raising Cane's registered trademarks is likely to cause confusion or mistake, and to deceive.

43.    TSR's use of Raising Cane's registered trademarks implies sponsorship or affiliation between Raising Cane's and TSR.

44.    TSR's use of Raising Cane's registered trademarks is a misappropriation of the goodwill that Raising Cane's has accumulated in its trademarks.

45.    TSR has infringed upon Raising Cane's registered trademarks through all of the acts previously alleged in these Counterclaims.

46.    By TSR's acts herein complained of, TSR has made substantial profits to which it is

1   not equitably entitled.

2       47.    Raising Cane's is entitled to all remedies available under 15 U.S.C. §§ 1116, 1117

3   and 1118.

4       48.    Raising Cane's has suffered damages as a result of TSR's infringing activities in an

5   amount to be proven at trial.

6       49.    Raising Cane's is entitled to injunctive relief to prohibit TSR from committing any

7   further or additional infringement.

8       50.    Raising Cane's is entitled to recover statutory damages and also general, special,

9   consequential, and incidental damages, including but not limited to lost profits and cost of corrective

10  advertising, and injunctive relief.

11      51.    Because TSR made and continues to make false and/or misleading representations of

12  fact about Raising Cane's with intentional disregard of their falsity and/or misleading nature, Raising

13  Cane's is entitled to an award of treble damages under Section 35(a) of the Lanham Act (15 U.S.C.

14  §1117(a)). Moreover, this is an exceptional case for which the Court should award Raising Cane's

15  its reasonable attorneys' fees.

16                      **SECOND CLAIM**

17          **[Federal Trademark Infringement (15 U.S.C. § 1125)]**

18      52.    Raising Cane's realleges ¶¶ 1 through 51.

19      53.    This cause of action arises under the Federal Trademark Act (15 U.S.C. §§ 1051-

20  1127) and is for trademark infringement involving TSR's use in interstate commerce of the

21  designation RAISING CANE'S® and related words and phrases in the marketing and sales of the

22  Product which is an infringement of Raising Cane's registered trademark RAISING CANE'S® in

23  violation of 15 U.S.C. § 1125(a)(1)(A).

24      54.    Raising Cane's has consistently used the RAISING CANE'S® mark in commerce to

25  designate its goods and services.

26      55.    Raising Cane's did not give TSR consent to use its registered trademarks.

27      56.    TSR's use of Raising Cane's registered trademarks, RAISING CANE'S®, is likely to

28  cause confusion or mistake, and to deceive.

57.     TSR's use of Raising Cane's registered trademarks implies sponsorship or affiliation between Raising Cane's and TSR.

58.     TSR's use of Raising Cane's registered trademarks is a misappropriation of the goodwill that Raising Cane's has accumulated in its trademarks.

59.     TSR has infringed upon Raising Cane's registered trademarks through all of the acts previously alleged in these Counterclaims.

60.     By TSR's acts herein complained of, TSR has made substantial profits to which it is not equitably entitled.

61.     Raising Cane's is entitled to all remedies available under 15 U.S.C. §§ 1116, 1117 and 1118.

62.     Raising Cane's has suffered damages as a result of TSR's infringing activities in an amount to be proven at trial.

63.     Raising Cane's is entitled to injunctive relief to prohibit TSR from committing any further or additional infringement.

64.     Raising Cane's is entitled to recover statutory damages and also general, special, consequential, and incidental damages, including but not limited to lost profits and cost of corrective advertising, and injunctive relief.

65.     Because TSR made and continues to make false and/or misleading representations of fact about Raising Cane's with intentional disregard of their falsity and/or misleading nature, Raising Cane's is entitled to an award of treble damages under Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)). Moreover, this is an exceptional case for which the Court should award Raising Cane's its reasonable attorneys' fees.

## THIRD CLAIM

### [Federal Unfair Competition and False Advertising (15 U.S.C. § 1125)]

66.     Raising Cane's realleges ¶¶ 1 through 65.

67.     This is a cause of action for federal unfair competition and false advertising, arising under the Federal Trademark Act (15 U.S.C. §§ 1051-1127), specifically 15 U.S.C. §1125(a)(1)(B).

68.     In TSR's advertising and promotions, as well as claims made on its website and the

18

Product label, TSR has knowingly, intentionally, deliberately, and in bad faith materially misrepresented in interstate commerce the nature, characteristics, and qualities of Raising Cane's famous CANE'S SAUCE®, in violation of 15 U.S.C. § 1125(a)(1)(B).

69.     TSR is a direct competitor with Raising Cane's.

70.     TSR's makes taste parity and superiority claims by asserting that "If you love Raising Cane's & Zaxby's, you'll love this!" and bolsters this message by claiming to have made a "perfect clone" of CANE'S SAUCE® by "reverse-engineering" the secret recipe. Indeed, Wilbur claims to have scientifically created a recipe replicating the taste of CANE'S SAUCE®, conveying that the taste parity and superiority claims are supported by scientific testing and engineering.

71.     This representation is false and misleading. The claims are unsupported by scientific tests or engineering that are sufficiently reliable to permit one to conclude with reasonable certainty that they establish the claim made—that is, that the Product does in fact taste the same or better than CANE'S SAUCE®.

72.     Contrary to TSR's assertions, CANE'S SAUCE® does not taste the same as the Product. CANE'S SAUCE® is made fresh daily to be eaten immediately, while the Product is manufactured to be shelf-stable.

73.     The false and misleading representations made by TSR on its website, promotional videos and the Product label are material because representations concerning the quality and taste of the Product and CANE'S SAUCE® are likely to influence consumers' purchasing decisions. Indeed, TSR is purposefully taking advantage of the reputation that CANE'S SAUCE® has with consumers. These false representations were intended to deceive, have deceived, and are likely to continue to deceive consumers of Raising Cane's restaurant and food products and to thereby influence their decision to visit Raising Cane's restaurant locations.

74.     As an actual and proximate result of TSR's willful and intentional actions, Raising Cane's has suffered damages in an amount to be determined at trial, and unless TSR is enjoined, Raising Cane's will continue to suffer irreparable injury to its business, reputation and goodwill by reason for the false and misleading statements by TSR about Raising Cane's famous CANE'S SAUCE®, and the diminution of goodwill caused by the misrepresentations and advertising.

75.     Raising Cane's is entitled to all remedies available under 15 U.S.C. §§ 1116, 1117 and 1118.

76.     Pursuant to 15 U.S.C. § 1117(a), Raising Cane's seeks to recover actual, compensatory, and consequential damages in an amount to be determined at trial, including, but not limited to, reimbursement for the corrective efforts that Raising Cane's has undertaken and will undertake to address TSR's wrongful conduct.

77.     In addition, pursuant to 15 U.S.C. § 1117(a), Raising Cane's is entitled to the disgorgement of TSR's profits.

78.     Raising Cane's also requests permanent injunctive relief as authorized by 15 U.S.C. § 1116(a). TSR injected the materially false advertisement into interstate commerce with the intent to mislead, confuse, and deceive potential customers of Raising Cane's restaurants. Unless TSR is enjoined from continuing its wrongful actions, Raising Cane's will continue to suffer irreparable injury, harm, and damages. Accordingly, the Product label and related claims threaten, and are likely, to injure Raising Cane's.

79.     TSR should be enjoined primarily and permanently from disseminating or causing to be disseminated or published any advertisement, commercial, promotional material, labeling, packaging, package insert, press release, or other material containing claims, representations, statements, or demonstrations that state or imply, directly or indirectly, any of the advertising claims in ¶¶ 14 through 22 of this Counterclaim.

80.     TSR should be ordered to publish corrective advertising to dispel the false and deceptive impressions created by the advertising in ¶¶ 14 through 22 of this Counterclaim.

81.     Because TSR made and continues to make false and/or misleading representations of fact about Raising Cane's with intentional disregard of their falsity and/or misleading nature, Raising Cane's is entitled to an award of treble damages under Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)). Moreover, this is an exceptional case for which the Court should award Raising Cane's its reasonable attorneys' fees.

1

## FOURTH CLAIM

2

### [Federal Trademark Dilution (15 U.S.C. § 1125(c)]

3    82.    Raising Cane's realleges ¶¶ 1 through 81.

4    83.    Raising Cane's has used the RAISING CANE'S® trademark to identify its products

5    and services relating to and derived from its restaurant chain before TSR began using the RAISING

6    CANE'S® trademark on the Product and in conjunction with its business and marketing. The

7    RAISING CANE'S® trademark is inherently distinctive and has acquired distinctiveness through

8    Raising Cane's extensive, continuous, and exclusive use of it.

9    84.    The RAISING CANE'S® trademark is famous and distinctive within the meaning of

10   15 U.S.C. § 1125(c)(1) and § 1127. The RAISING CANE'S® trademark was famous and distinctive

11   before TSR's first use of such trademark or a modification of it.

12   85.    TSR's unauthorized use of the RAISING CANE'S® trademark or modification of it

13   is likely to dilute the distinctive quality of the RAISING CANE'S® trademark in violation of 15

14   U.S.C. § 1125(c).

15   86.    Raising Cane's is entitled to all remedies available under 15 U.S.C. §§ 1116, 1117

16   and 1118.

17   87.    TSR's acts complained of herein are likely to damage Raising Cane's irreparably.

18   Raising Cane's has no adequate remedy at law for such wrongs and injuries. The damage to Raising

19   Cane's includes potential harm to its trademarks, goodwill, restaurant business, and reputation that

20   money cannot compensate. Raising Cane's is, therefore, entitled to a preliminary and permanent

21   injunction enjoining TSR's use of the RAISING CANE'S® trademark or any marks dilutive thereof.

22   88.    Raising Cane's is further entitled to recover from TSR the actual damages sustained

23   by Raising Cane's as a result of TSR's wrongful acts. Raising Cane's is presently unable to ascertain

24   the full extent of the monetary damages it has suffered by reason of TSR's acts of dilution.

25   89.    Raising Cane's is further entitled to recover from TSR the gains, profits, and

26   advantages TSR has obtained as a result of its wrongful acts. Raising Cane's is presently unable to

27   ascertain the extent of the gains, profits, and advantages TSR has realized by reason of TSR's willful

28   acts of dilution.

90.     Because TSR made and continues to make false and/or misleading representations of fact about Raising Cane's with intentional disregard of their falsity and/or misleading nature, Raising Cane's is entitled to an award of treble damages under Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)). Moreover, this is an exceptional case for which the Court should award Raising Cane's its reasonable attorneys' fees.

### FIFTH CLAIM

### [Nevada Statutory and Common Law Unfair Competition]

91.     Raising Cane's realleges ¶¶ 1 through 90.

92.     TSR knowingly makes the false representation that the Product has the same or superior taste as Raising Cane's CANE SAUCE®.

93.     TSR knowingly makes the false representation by its use of the RAISING CANE'S® mark on the Product and related claims, that the Product originates from, or is affiliated with, or is endorsed by Raising Cane's when, in fact, it is not.

94.     TSR knowingly makes the false representation as to the source, sponsorship, approval, or certification of the Product by using the RAISING CANE'S® mark on the Product and asserting that "If you love Raising Cane's and Zaxby's, you'll love this!"

95.     TSR knowingly disparages Raising Cane's famous CANE'S SAUCE® by making false and misleading representations about the quality and taste of the dipping sauce.

96.     By virtue of the acts complained of herein, TSR has intentionally caused a likelihood of confusion among the public and has unfairly competed with Raising Cane's in violation of the common law of the State of Nevada and NRS Chapter 598, *et seq.*

97.     As a direct proximate result of TSR's false advertising and unfair competition, Raising Cane's has suffered, and unless TSR is enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Raising Cane's business, reputation and goodwill in the RAISING CANE'S® mark and CANE SAUCE® brand for which Raising Cane's has no adequate remedy at law.

98.     Raising Cane's is entitled to all remedies available at common law as well as under NRS Chapter 598, including but not limited to damages, injunction, equitable relief and reasonable

22

attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Raising Cane's requests judgment:

    A.    Declaring that TSR has violated 15 U.S.C. §§ 1114 and 1125(a) and (c);

    B.    Declaring that TSR has violated Nevada statutory and common law false advertising and unfair competition;

    C.    Enjoining TSR preliminarily and permanently form disseminating or causing to be disseminated the challenged advertising;

    D.    Enjoining TSR preliminarily and permanently from disseminating or causing to be disseminated or published any advertisement, commercial, promotional material, labeling, packaging, package insert, press release, or other material containing claims, representations, statements, or demonstrations that state or imply, directly or indirectly, any of the claims in ¶¶ 14 through 22 of this Counterclaim;

    E.    Awarding Raising Cane's all relief available to it under 15 U.S.C. §§ 1116, 1117, and 1118, including profits and damages in an amount to be determined at trial;

    E.    Awarding Raising Cane's all relief available to it under Nevada statutory and common law false advertising and unfair competition, including damages in an amount to be determined at trial and equitable relief;

    G.    Awarding Raising Cane's treble damages;

    H.    Awarding Raising Cane's its costs and disbursements in this action, including reasonable attorneys' fees; and,

    I.    Granting Raising Cane's any other appropriate relief.

1

Dated:  May 21, 2019

WINSTON & STRAWN LLP

2

3

By:

4

Ronald Y. Rothstein
(*pro hac vice application pending*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
RRothstein@winston.com

5

6

7

8

9

Megan L. Whipp
(*pro hac vice application pending*)
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
MWhipp@winston.com

10

11

12

13

14

Brigid M. Higgins, Esq. (SBN 5990)
bhiggins@blacklobello.law
BLACK & LOBELLO
10777 W. Twain Ave., 3rd Fl.
Las Vegas, NV 89135
Telephone: (702) 869-8801
Facsimile: (702) 869-2669

15

16

17

18

Attorneys for Defendants
RAISING CANE'S RESTAURANTS, LLC
D/B/A RAISING CANE'S CHICKEN FINGERS,
and RAISING CANE'S USA, LLC

19

20

21

22

23

24

25

26

27

28

24

1

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANTS RAISING CANE'S**

**RESTAURANTS, LLC AND RAISING CANE'S USA, LLC'S ANSWER AND**

**COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF**

was served on May 21, 2019, by electronic copy via the Court's electronic service system to all

counsel of record.

DICKINSON WRIGHT, PLLC
John L. Krieger, Esq.
Jennifer Ko Craft, Esq.
Hilary Wright, Esq.
8363 W. Sunset Road, Suite 200
Las Vegas, NV 89113
jkrieger@dickinson-wright.com
jcraft@dickinson-wright.com
hwilliams@dickinson-wright.com

An Employee of Black & LoBello